UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ROSENDO CAMPOS RODRIGUEZ,

                Case No. _____

        Plaintiff,

  -against-                             **COMPLAINT**

BAINBRIDGE UPREAL LLC,
MEIR GAMLIEL, DVIR MOG 18 INC.,
ELEVATION HOLDINGS LLC and
BROOKLAND CAPITAL LLC,

        Defendants.
-------------------------------------------------------------------X

Plaintiff, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, and each of them, hereby alleges as follows:

### ***THE PARTIES***

1.    The plaintiff JOSE ROSENDO CAMPOS RODRIGUEZ, (hereinafter referred to as the "Plaintiff") is a resident of the County of Queens, within the City and State of New York.

2.    For the purposes of diversity jurisdiction, Plaintiff Rodriguez is a citizen of the sovereign nation of Mexico.

3.    At all times mentioned herein, defendant BAINBRIDGE UPREAL LLC, (hereinafter referred to as "BAINBRIDGE"), is and was a limited liability company organized pursuant to the laws of the State of Delaware, and is duly licensed to transact business within the State of New York.

4.    The defendant Bainbridge, at all times herein pertinent, maintained its principal place of business at 308 Malcom X Boulevard, Brooklyn, New York 11233.

5. The defendant Bainbridge has designated Kings County as the place of its principal office in its articles of organization filed with the Department of State pursuant to the Limited Liability Company Law.

6. The defendant Bainbridge was a grossly undercapitalized entity, whose relationships with the other parties defendant herein remained unknown.

7. The defendant Bainbridge served as a shell entity to allow the utilization of undocumented construction workers to perform the necessary labor to demolish and renovate certain real property in a gentrifying neighborhood until it could be sold as separate units at very lucrative profit.

8. The defendant Bainbridge was knowingly caused to be formed by the investors as a shell entity which would operate on a shoestring budget and cut numerous corners which are industry standard and practice.

9. For example, substantially all the workers were paid only in cash, no liability insurance was purchased which would cover third party claims, such as this one, and upon information and belief, representations were made to the bank(s) that responsible general contractors were involved. Upon information and belief, such representations were knowingly false.

10. Upon information and belief, the defendant MEIR GAMLIEL, (hereinafter "GAMLIEL") is an individual residing within the County of Nassau.

11. The defendant DVIR MOG 18 INC. (hereinafter referred to as "DVIR") is a corporation formed and existing pursuant to the laws of the State of New York.

12. The defendant DVIR, at all times herein pertinent, maintained its principal place of business at 42 Carman Avenue, Cedarhurst, New York 11516.

13. The defendant ELEVATION HOLDINGS LLC (hereinafter "ELEVATION") is a domestic limited liability company.

14. The defendant Elevation, at all times herein pertinent, maintained its principal place of business at 308 Malcolm X Boulevard, Brooklyn, New York 11233.

15. The defendant BROOKLAND CAPITAL LLC (hereinafter "BROOKLAND") is a domestic limited liability company.

16. The defendant Brookland maintains its principal place of business at 308 Malcolm X Boulevard, Brooklyn, New York 11233.

17. The defendant Brookland has designated Kings County as the place of its principal office in its articles of organization filed with the Department of State pursuant to the Limited Liability Company Law.

## *JURISDICTION AND VENUE*

18. Jurisdiction is based on 28 U.S.C. § 1332, insofar as Plaintiff is a Mexican national who was never admitted for permanent residence, who therefore is not a "citizen" of the State of New York for purposes of diversity jurisdiction, against defendants who are all citizens of the state of New York[1] for purposes of diversity jurisdiction.

19. The amount in controversy for claims brought by the Plaintiff Rodriguez, exclusive of interest and costs, exceeds $75,000.00.

---

[1] Bainbridge is also a citizen of State of Delaware, which does not affect jurisdiction here.

20. Venue is based on 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

21. The Defendant Bainbridge, at all times herein pertinent, and more particularly on April 23, 2016, (hereinafter referred to as the "Date of Occurrence"), owned that certain real property located at 443 Bainbridge Street, Brooklyn, New York, (hereinafter referred to as "The Premises").

22. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Bainbridge and/or its agents and/or servants entered into a general contract and/or other agreement with defendant Gamliel for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

23. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Bainbridge and/or its agents and/or servants entered into a general contract and/or other agreement with defendant DVIR for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

24. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Bainbridge and/or its agents and/or servants entered into a general contract and/or other agreement with defendant Elevation for the

purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

25. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Bainbridge and/or its agents and/or servants entered into a general contract and/or other agreement with defendant Brookland for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

26. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the defendant Bainbridge and/or its agents and/or servants entered into a contract and/or other agreement with Reis Construction LLC (hereinafter referred to as "REIS") for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

27. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Gamliel and/or his agents and/or servants entered into a subcontract and/or other agreement with Reis for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

28. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant DVIR and/or his agents and/or servants entered into a subcontract and/or other agreement with Reis for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

29. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Elevation and/or its agents and/or servants entered into a subcontract contract and/or other agreement with Reis for the purpose(s) of

erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

30. Upon information and belief and at all times herein pertinent, and prior to the Date of Occurrence, the Defendant Brookland and/or its agents and/or servants entered into a subcontract contract and/or other agreement with Reis for the purpose(s) of erecting, constructing, demolishing, repairing and/or altering the building located at the premises.

31. At all times herein pertinent, and more particularly, on the Date of Occurrence, the Plaintiff was an employee of Reis.

32. At all times herein pertinent, and more particularly on the Date of Occurrence, the Plaintiff was a laborer engaged in the demolition, erection and alteration of a building and structure upon The Premises in the course of his employment.

33. At all times mentioned herein, Defendants and each of them, and their agents, servants, and/or employees had the authority to exercise control over, and did in fact exercise control over the erection, construction, demolition, repair and/or alteration work being performed on the building at the premises, including over the work being performed by the Plaintiff at the time of the occurrence herein complained of.

34. The Plaintiff was a taper and was on a telescope construction scaffold doing interior taping work on the fourth floor, which had a very high ceiling.

35. The Plaintiff was provided with only unsecured planks to use as a work platform on the telescope scaffold and was given no other safety equipment for the performance of his duties.

36. His supervisor had specifically instructed him to utilize this method to gain access for work that had to be performed at substantial heights.

37. He had never been instructed not to utilize this methodology.

38. The Plaintiff was never furnished with safely constructed scaffolding which conformed to the New York Industrial Code and/or the Occupation Safety and Health Administration regulations, nor was he provided with a harness, a lanyard, or any other type of personal fall arrest equipment or system which would have permitted him to safely perform the task he was doing at the time of the accident

39. While Plaintiff was lawfully and carefully performing his duties in the erection, construction, repair and/or alteration of the building upon the premises, he was caused, suffered, permitted and allowed to fall, causing said plaintiff to sustain severe and grievous personal injuries.

40. More specifically, the planks that the Plaintiff was using moved while he was taping, causing him to fall off the scaffold through the floor of the level on which he was working, which was a temporary floor made of plywood. The Plaintiff continued downward and landed on the floor of the 3rd floor level, which was finished wood.

41. As a result of the foregoing Plaintiff sustained very serious injuries, including, but not limited to, compression fractures at the T9 and T10 levels of his spine as well as rib fractures.

42. Plaintiff still suffers from the effects of these injuries and remains disabled and unable to work, which, disability, upon information and belief, will be permanent.

43. Plaintiff has undergone a long course of medical treatment and care, and has sustained significant medical expenses, and continues to need, and upon information and belief, will permanently continue to incur such expenses and need such care.

## AS AND FOR A FIRST CAUSE OF ACTION – NEGLIGENCE - NY LABOR LAW § 200

44. Plaintiff repeats and re-alleges each and every preceding allegation of this complaint as if fully set forth and plead at length herein.

45. The Defendants, Bainbridge, Gamliel, DVIR, Elevation, and Brookland each owed a duty to the Plaintiff, pursuant to the substantive common law of the State of New York and § 200 of the Labor Law, to provide a safe working environment where the Plaintiff could perform his duties, namely taping work required as part and parcel of the renovation of The Premises.

46. The occurrence as aforesaid and the injuries to Plaintiff resulting therefrom were due solely, wholly and proximately to the negligence, carelessness and recklessness of the Defendants, individually, jointly and severally, in breaching their in failing to provide Plaintiff with a safe place to work, in failing to hire and supervise competent subcontractors and trade contractors, in furnishing plaintiff with a defective elevated work surface; in failing to provide safety devices preventing plaintiff's injuries; in failing to prevent and protect Plaintiff from working without adequate safety and fall protection; and in failing to observe and recognize unsafe work activity at elevated heights without providing adequate fall protection for the workers in general and for the Plaintiff in particular.

47. This action falls within one or more of the exceptions set forth in CPLR § 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

48. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants owed Plaintiff decedent a non-delegable duty of care.

49. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, and/or employees.

50. Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to his non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

## AS AND FOR A SECOND CAUSE OF ACTION – LABOR LAW §241

51. Plaintiff repeats and re-alleges each and every preceding allegation of this complaint as if fully set forth and plead at length herein.

52. By reason of the negligence of the Defendants, as set forth herein, the Defendants violated § 241 of the Labor Law of the State of New York, and said violation was a proximate cause of the subject incident and Plaintiff's resultant injuries.

53. The occurrence as aforesaid and the injuries to Plaintiff resulting therefrom were due solely, wholly and proximately to the negligence, carelessness and recklessness of the defendant, individually, jointly, severally, their agents, servants, and employees, in failing to provide plaintiff with a safe place to work, in failing to hire and supervise competent employees, subcontractors and trade contractors, in furnishing plaintiff with a defective elevated work surface; in failing to provide a safe passageway and work area where the task being performed at the time of the occurrence had to be performed, and in failing to provide reasonable and adequate protection and safety to the persons employed at the site and to this plaintiff in violation of § 241(6) of the Labor Law of the State of New York, the New York Codes, Rules and Regulations, and the Industrial Code.

## AS AND FOR A THIRD CAUSE OF ACTION – LABOR LAW §240

54. Plaintiff repeats and re-alleges each and every preceding allegation of this complaint as if fully set forth and plead at length herein.

55. The Defendants, and each of them, and their agents, servants and employees, caused, suffered, permitted and allowed violations of § 240 of the New York Labor Law, and said violation was a proximate cause of the subject incident and Plaintiff's resultant injuries.

56. The occurrence as aforesaid and the injuries to Plaintiff resulting therefrom were due solely, wholly and proximately to the negligence, carelessness and recklessness of the defendant, individually, jointly, severally, their agents, servants, and employees, in failing to provide plaintiff with a safe place to work, in failing to hire and supervise competent employees, subcontractors and trade contractors, in furnishing plaintiff with a defective elevated work surface scaffold; and in failing to provide reasonable and adequate protection and safety to the persons employed at the site and to this Plaintiff in violation of the statutory mandate of Labor Law § 240(1).

### JURY DEMAND

57. Pursuant to F. R. Civ. P. 38, Plaintiff demands a jury trial upon all causes of action so justiciable.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, in an amount to be fixed by the trier of fact, together with interest at 9% per annum for all items of economic loss, with all damages subject to Article 50-b of the Civil Practice Law and Rules, together with such costs of this action that the law allows.

Dated: New York, New York
December 1, 2017

_____
William Cafaro
LAW OFFICES OF WILLIAM CAFARO
*Attorneys of Record for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400

To:

BAINBRIDGE UPREAL LLC
308 Malcom X Boulevard
Brooklyn, New York 11233

MEIR GAMLIEL
1016 Westwood Road
Woodmere, NY 11598

DVIR MOG 18 INC
42 Carman Avenue
Cedarhurst, New York 11516

ELEVATION HOLDINGS LLC
308 Malcolm X Boulevard
Brooklyn, New York 11233

BROOKLAND CAPITAL LLC
308 Malcolm X Boulevard
Brooklyn, New York 11233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ROSENDO CAMPOS RODRIGUEZ,

                            Plaintiff,

                                                                               Case No.:

  -against-

BAINBRIDGE UPREAL LLC,
MEIR GAMLIEL, DVIR MOG 18 INC.,
ELEVATION HOLDINGS LLC and
BROOKLAND CAPITAL LLC,

                            Defendants.
-------------------------------------------------------------------X

## COMPLAINT

**LAW OFFICES OF WILLIAM CAFARO**
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
Tel: 212-583-7400